IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ABDUL WAHAB LAWAL          :

    v.                       :    Civil Action No. DKC 06-1592
                                    Criminal Case No. DKC 04-0378
                           :
UNITED STATES OF AMERICA   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion by Petitioner Abdul Wahab Lawal to vacate, set aside, or correct his sentence. (ECF No. 86). The issues are fully briefed and the court now rules. For the reasons that follow, the motion will be denied.

**I.  Background**

In August 2004, Lawal and two co-defendants, Vincent Lee Randolph and Eric Reindorf, were charged by indictment with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. (ECF No. 5). Lawal's co-defendants decided to plead guilty, but Petitioner initially chose to go to trial. In the midst of his trial, however, Lawal changed his mind and entered a guilty plea pursuant to a written plea agreement with the government. After accepting his plea, this court sentenced Lawal to 108 months imprisonment with five years supervised release on November 28, 2005. (ECF No. 65).

Lawal did not appeal that decision.  Nevertheless, on June 16, 2006,[1] Lawal filed the present motion to vacate, set, aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 86).  The motion contends that Lawal received ineffective assistance of counsel.

**II. Analysis**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  A pro se movant is of course entitled to have his arguments reviewed with appropriate consideration.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978).  But if the Section 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.  28 U.S.C. § 2255(b).

Lawal contends that he received ineffective assistance of counsel.  Such claims are governed by the two-step standard

---

[1] The Clerk did not docket the motion until June 21, 2006, but the motion was signed on June 16, 2006.  Under the "mailbox rule," the court treats the earlier date as the filing date.  *Houston v. Lack*, 487 U.S. 266, 272-73 (1988).

adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The Fourth Circuit explained this test in *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010):

> The defendant bears the burden of proof as to both prongs of the standard. First, the defendant must show that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. Courts should be deferential in this inquiry, and have a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The defendant must therefore overcome the presumption that the representation might be considered sound trial strategy.
>
> Second, the defendant must demonstrate that counsel's inadequate performance prejudiced him. Thus, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability, in turn, is defined as a probability sufficient to undermine confidence in the outcome.

(citations and quotation marks omitted). In the context of a Section 2255 petition challenging a conviction following a guilty plea, a defendant generally establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v. Mooney*, 497 F.3d 397, 401 (4th Cir. 2007).

3

In this case, Lawal advances three reasons why his counsel was purportedly ineffective. First, he contends that counsel induced him to plead guilty by falsely assuring him that he would receive a sentence of imprisonment no longer than 87 months. Second, he argues that counsel inappropriately failed to challenge the legality of certain recorded conversations between Lawal and Eric Reindorf. Third, he maintains that counsel was ineffective in failing to seek dismissal of the indictment on the basis that Lawal was not advised of his right to contact his consulate at the time of his arrest.

Lawal first argues that his trial counsel "advised" him that he would receive a 70 to 87 month term of imprisonment if he pleaded guilty. Lawal says counsel further assured him that "he had spoken to the prosecutor and had gotten his assurance that [Lawal] would get a 70 months imprisonment sentence." Lawal insists that he would not have pleaded guilty if he had known that he would instead receive a sentence of 108 months.

There are situations where counsel's assurances or promises of a particular sentence amount to ineffective assistance. *See, e.g.*, *Allison v. Blackledge*, 533 F.2d 894, 897 (4th Cir. 1976). This case is not such a situation. "[A]ny misinformation [Lawal] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [Lawal] was not

4

prejudiced." *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). At the Rule 11 hearing, the court informed Lawal of the maximum and minimum sentences for the relevant offense. The court explained that the proposed guideline findings in the plea agreement were not binding on the court and that Lawal would have no right to withdraw his plea if the court did not agree with those recommendations. Lawal indicated that he understood. Perhaps most importantly, Lawal stated under oath that there were no promises made by any party that were not included in the written plea agreement. "[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quotation marks and citations omitted); *cf. Little v. Allsbrook*, 731 F.2d 238, 240 n.2 (4th Cir. 1984) ("In the absence of clear and convincing evidence to the contrary, [the defendant] must be bound by what he said at the time of his plea.")

Even putting Lawal's statements at the Rule 11 hearing aside, further evidence supports the conclusion that there were no promises made. The plea agreement itself, for instance, provides that the court was not bound by the agreement and that

5

Lawal understood that "neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence [Lawal] will receive." It concluded by noting that the plea agreement was the "complete agreement" and that there were no other "agreements, promises, undertakings or understandings" between the government and Lawal. Lawal did not raise any objection to the presentencing report – which provided for a guidelines range of 97 to 121 months – and the record does not reflect any surprise from Lawal at the time the sentence was imposed.

In short, the record flatly refutes any contention that Lawal's counsel promised him a lower sentence tied to a government guarantee. To the extent Lawal complains of a bad sentencing estimate by his attorney, such an estimate cannot form the basis for an ineffective assistance claim where, as here, the court informs the defendant (and the defendant acknowledges) that the sentence may not be what the parties anticipated. *See United States v. Lambey*, 974 F.2d 1389, 1393-96 (4th Cir. 1992) (en banc); *cf. Little*, 731 F.2d at 241 ("An attorney's 'bad guess' as to sentencing does not justify the withdrawal of a guilty plea and is no reason to invalidate a plea."). Lawal's claim for relief on this basis will be denied.

6

Lawal's second argument concerns certain recorded conversations between Lawal and his co-conspirator, Eric Reindorf, which were used at sentencing to attribute drug amounts. Lawal contends that the tapes amounted to inadmissible hearsay because his "co-conspirator" had turned government informant at the time the tapes were made; consequently, the recorded statements were not made in furtherance of a conspiracy and did not fall under the hearsay exception in Rule 801(d)(2)(E).[2]

As the government observes, however, Lawal ignores another applicable hearsay exception that allows for the use of a party's own statement. Lawal's own statements were admissible under this exception, found in Federal Rule of Evidence 801(d)(2)(A), and Reindorf's recorded statements merely placed those admissions into context. *United States v. Wills*, 346 F.3d

---

[2] The government assumes that Laval's argument is that counsel was ineffective in failing to move to suppress the conversations. Parts of Laval's motion, however, suggest that he is only challenging the use of the statements *at sentencing*. (*See, e.g.*, ECF No. 99, at 5 ("Petitioner's constitutional rights were violated when the statements he made . . . to his co-defendant . . . were used to increase his sentence.")). The Federal Rules of Evidence do not apply at sentencing; rather, the sentencing court can consider any evidence so long as there are "sufficient indicia of its reliability." *United States v. Hopkins*, 310 F.3d 145, 154 (4th Cir. 2002). Laval has not argued that the recorded statements are unreliable.

476, 489-90 (4th Cir. 2003). As the United States Court of Appeals for the First Circuit explained:

> [The defendant]'s own statements could, of course, be used against him; his part of the conversations was plainly not hearsay. Nor can a defendant, having made admissions, keep from the jury other segments of the discussion reasonably required to place those admissions into context. In this instance, the other parts of the conversations were properly admitted as reciprocal and integrated utterances, to put [the defendant]'s statements into perspective and make them intelligible to the jury and recognizable as admissions. Moreover, because [the co-conspirator]'s statements were introduced only to establish that they were uttered and to give context to what [the defendant] was saying, they were not hearsay at all.

*United States v. McDowell*, 918 F.2d 1004, 1007 (1st Cir. 1990) (quotations marks and citations omitted). Because the recorded statements were appropriately used, counsel was not deficient in failing to object to their use. This ground for relief fails as well.

Third, and finally, Laval makes an ineffective assistance of counsel argument premised on the Vienna Convention on Consular Relations ("VCCR"), Apr. 24, 1963, [1970] 21 U.S.T. 77, 100-101, T.I.A.S. No. 6820. Article 36 of the VCCR provides that "when a national of one country is detained by authorities in another, the authorities must notify the consular officers of the detainee's home country if the detainee so requests."

8

*Sanchez-Llamas v. Oregon*, 548 U.S. 331, 338-39 (2006). As a national of Ghana, Laval states that he should have been – but was not – informed of his consular notification rights. As a result, he maintains that his counsel should have moved to dismiss the indictment. Notably, Lawal does not actually provide any evidence that he was not informed of his rights to consular notification upon arrest. Nevertheless, even if one assumes he was not, the argument fails.

Lawal's argument implicates some issues that have not yet been decisively resolved by the courts. It is not entirely clear, for example, whether Article 36 of the Vienna Convention even creates individually enforceable rights. *See Bell v. True*, 413 F.Supp.2d 657, 729-732 (W.D. Va. 2006)(surveying relevant authorities and concluding that "no clearly established federal law directs that Article 36 creates an individually enforceable right to consular access"). The Fourth Circuit, for instance, has expressed skepticism that Article 36 confers individual rights, but only in dicta. *United States v. Al-Hamdi*, 356 F.3d 564, 574 n.13 (4th Cir. 2004) (stating that it is "doubtful" that

the VCCR creates individual rights for violations of consular notification).[3]

But even if one makes the further assumption that the VCCR creates such rights, "no court has held . . . that automatic dismissal of the indictment should result from a Vienna Convention violation." *Baires v. United States*, 707 F.Supp.2d 656, 665 (E.D.Va. 2010).[4] In fact, those courts that have addressed the issue have found directly to the contrary. *See, e.g.*, *United States v. De La Pava*, 268 F.3d 157, 165 (2$^d$ Cir. 2001) (finding failure to inform defendant of right to notify consular did not justify dismissing indictment); *accord United States v. Page*, 232 F.3d 536, 540 (6th Cir. 2000); *United States v. Cordoba-Mosquera*, 212 F.3d 1194, 1195 (11th Cir. 2000); *United*

---

[3] The Supreme Court has previously avoided the issue. *See, e.g., generally Medellin v. Texas*, 552 U.S. 491, 506 n.4 (2008); *Sanchez-Llamas*, 548 U.S. at 342-43.

[4] Lawal cites *United States v. Rangel-Gonzales*, 617 F.2d 529 (9th Cir. 1980) in support of his argument that the indictment could have been dismissed had his counsel raised the alleged VCCR violation. In that case, an illegal reentry case, the defendant argued that the underlying deportation was invalid because he was not informed of his VCCR rights as required by a federal immigration regulation. *Id.* at 529-30. Under the standard for collaterally attacking underlying deportation orders in the Ninth Circuit at that time, the court determined that the failure to comply with the regulation did render the deportation invalid, which required dismissal of the indictment. *Id.* That case is inapposite to this case, which does not arise in the illegal reentry context.

*States v. Li*, 206 F.3d 56, 61 (1ˢᵗ Cir. 2000). The Supreme Court itself has held that the arguably less drastic remedy of suppression is not warranted following a VCCR violation. *Sanchez-Llamas*, 548 U.S. at 343-50; *see also United States v. Prieto-Rubi*, 306 F.App'x 826, 827 (4ᵗʰ Cir. 2009) ("Just as violation of Article 36 does not warrant exclusion of incriminating evidence, it does not require vacating [the defendant]'s conviction."). It follows then that any argument that the indictment should have been dismissed would have been futile. *Oken v. Corcoran*, 220 F.3d 259, 269 (4ᵗʰ Cir. 2000) ("[T]rial counsel was not constitutionally ineffective in failing to object . . . because it would have been futile for counsel to have done so."); *Truesdale v. Moore*, 142 F.3d 749, 755 (4ᵗʰ Cir. 1998) ("It was not constitutionally ineffective assistance for . . . counsel not to pursue futile claims.").

### III. Conclusion

For the foregoing reasons, Lawal's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of

appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Upon its review of the record, the court finds that Lawal does not satisfy the above standard.

A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge